# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MATTHEW STEPHEN HEPPLE,

     Petitioner,

v.                                                                      No. 23-cv-0864-MV-KRS

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

     Respondent.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Petitioner Matthew Stephen Hepple's Habeas Petition Under 28 U.S.C. § 2254 (Doc. 2) (Petition).  Also before the Court is his Motion to Proceed *In Forma Pauperis* (Doc. 3) (IFP Motion).  Hepple challenges his state convictions based on, inter alia, double jeopardy principles.  Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will grant the IFP Motion, in part, but require Hepple to show cause why the Petition should not be dismissed as untimely.

## BACKGROUND

The following procedural history is taken from Hepple's state criminal dockets, which are subject to judicial notice.  *See* Case No. D-1314-CR-2007-473; A-1-CA-30115; and S-1-SC-34092.  *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

In 2008, a jury convicted Hepple of kidnapping, conspiracy to commit kidnapping, and conspiracy to commit child abuse.  *See* Doc. 2 at 1; Verdicts in D-1314-CR-2007-473.   The state

trial court sentenced Hepple to 28 years imprisonment, followed by a term of parole. *See* Amended Judgment entered April 14, 2010 in D-1314-CR-2007-473. Hepple filed a direct appeal, and the New Mexico Court of Appeals (NMCA) reversed, in part. *See State v. Hepple*, 2013 WL 4510737 (N.M. App. Mar. 7, 2013). The NMCA vacated the conviction for conspiracy to commit child abuse and affirmed the remaining convictions. *Id.* Hepple sought further review with the New Mexico Supreme Court (NMSC), which denied certiorari relief on May 15, 2013. *See* Order Denying Cert. Pet. in S-1-SC-34092.

The state trial court entered its Order pursuant to the NMCA remand on November 25, 2013. *See* Order After Remand in D-1314-CR-2007-473. The state trial court vacated Hepple's nine-year sentence for conspiracy to commit child abuse, as directed, but declined to reduce the total sentence set forth in the Amended Judgment filed April 14, 2010. *Id.* The Order explains that because the vacated sentence runs concurrent with Hepple's nine-year sentence for conspiracy to commit kidnapping – which was not vacated – his total term of imprisonment did not change. *Id.* The state docket reflects that Hepple did not appeal the Order.

Hepple filed his first state habeas petition about seven months later, on July 2, 2014. *See* First Habeas Corpus Petition in D-1314-CR-2007-473. The state trial court dismissed the petition by an Order entered August 10, 2017. *See* Procedural Order on Petition for Writ of Habeas Corpus in D-1314-CR-2007-473. Hepple did not file a habeas appeal. *See* Docket Sheet in D-1314-CR-2007-473. There were no additional state filings until January 7, 2022, when Hepple filed another state habeas petition. *See* Second Habeas Corpus Petition in D-1314-CR-2007-473. The state trial court dismissed the second petition with prejudice on March 31, 2022 and denied a separate motion to reconsider sentence on April 28, 2022. *See* Second Procedural Order on Petition for

Writ of Habeas Corpus and Order Denying Motion for Reconsideration of Sentence in D-1314-CR-2007-473.

Hepple filed the instant § 2254 proceeding on October 2, 2023.  *See* Doc. 1.  He alleges he should not have been convicted of kidnapping as a custodial parent and that his convictions violate double jeopardy principles.  Hepple filed an IFP Motion and paid the $5.00 habeas filing fee.  The filing fee cannot be refunded, to the extent he seeks such relief at this stage.  *See* Guide to Judiciary Policy, Vol. 4, Ch. 6, § 650.10, *available at* https://jnet.ao.dcn/policyguidance/guide-judiciary-policy/volume-4-court-and-case-administration/ch-6-fees#650_10 (prohibiting refund of filing fees).  However, the Court will grant the IFP Motion, to the extent Hepple seeks other benefits of *in forma pauperis* status such as court-supplied service, and review the Petition pursuant to Habeas Corpus Rule 4.

## DISCUSSION

Petitions for a writ of habeas corpus by a person in state custody must be filed within one year after the judgment becomes final.  28 U.S.C. § 2244(d)(1)(A).  Generally, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001).  The one-year limitation period can be extended:

(1)    While a state habeas petition is pending, § 2244(d)(2);

(2)    Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)    Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

3

(4)      Where the factual basis for the claim could not have been discovered until later, §

2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and

demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his

[or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, Hepple appealed the Amended Judgment entered April 14, 2010, and the

state trial court entered its Order pursuant to the NMCA remand on November 25, 2013.   The

Court assumes, without deciding, that such Order was subject to a thirty-day appeal period.   *See*

NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of

the adverse order).   Hepple's convictions therefore became final no later than December 27, 2013,

the first business day after expiration of the unused state appeal period.   *See Locke,* 237 F.3d at

1273 (for purposes of § 2244(d)(1)(A), a petitioner's conviction is not final until his direct appeal

remedies have been exhausted or, if no appeal is filed, the appeal period has expired); NMRA, Rule

12-501 Rule 1-006(A)(1)(c) (when the 30-day state appeal period falls on a weekend or holiday,

the period expires at the end of the next business day).

One hundred and eighty-seven (187) days passed before Hepple filed his first state habeas

petition on July 2, 2014, which stopped the clock pursuant to § 2244(d)(2). That proceeding

remained pending through September 11, 2017, when the thirty-day appeal period expired in

connection with the state trial court's order denying habeas relief.   *See Gibson v. Klinger*, 232 F.3d

799, 804 (10th Cir. 2000) (a state habeas proceeding remains "pending" for purposes of §

2244(d)(2), and the federal habeas limitation period is tolled, through the expiration of the state

appeal period).   "The next day [September 12, 2017] statutory tolling ceased," and the "time for

filing a federal habeas petition [*i.e.,* 178 days][1] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex habeas tolling calculations).

The state docket reflects there was no additional tolling activity during the next 178 days. The one-year limitation period therefore appears to have expired no later than March 9, 2018.   Any state habeas petitions filed after that date did not restart the clock or otherwise impact the expired limitations period.  *See Gunderson v. Abbott*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after ... the end of the limitations period").[2]

For these reasons, Hepple must show cause in writing why the Petition should not be dismissed as time-barred.   The show-cause response is due within thirty (30) days of entry of this ruling.   The failure to timely respond and overcome the time-bar may result in dismissal of the habeas action without further notice.  *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*…  [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial

---

[1] The Court arrived at this figure by subtracting the number of days that initially elapsed without tolling (187) from the one-year period (*i.e.*, 365 days in a year - 187 days = 178 remaining days).

[2] The Supreme Court created one exception to this general rule.  *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal."   555 U.S. 113, 120–21 (2009).  The *Jimenez* exception is inapplicable here because Hepple's direct appeal period was never reopened.

process may be set aside.").

**IT IS ORDERED** the Motion to Proceed *In Forma Pauperis* (**Doc. 3**) is **GRANTED, in part**, as set forth above; and within thirty (30) days of entry of this Order, Hepple must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE