IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW STEPHEN HEPPLE,

   Petitioner,

v.   No. 23-cv-0864-MV-KRS

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

   Respondent.

## ORDER TO ANSWER

This matter is before the Court on Petitioner Matthew Stephen Hepple's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 2) (Petition). Hepple challenges his state convictions based on, inter alia, double jeopardy violations. The Court previously directed him to show cause why his § 2254 Petition should not be dismissed as untimely. *See* Doc. 5. Hepple filed a Response, which appears to allege he did not commit the charged offenses. *See* Doc. 6. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" if his § 2254 petition would otherwise be barred by the "expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Consideration of the actual-innocence exception "requires a holistic judgment" based on all relevant evidence in the record. *House v. Bell*, 547 U.S. 518, 539 (2006); *see also Fontenot v. Crow*, 4 F.4th 982, 1035–52 (10th Cir. 2021) (considering the entire record to evaluate the actual-innocence claim).

Consistent with these authorities, and because the Court does not have the underlying state record, Respondent Attorney General for the State of New Mexico (AG) must answer the Petition. The answer must address the merits of Hepple's § 2254 claims and whether Hepple has established grounds to toll or overcome the habeas limitation period.

**IT IS ORDERED** that the Clerk shall mail copies of this Order and Hepple's 28 U.S.C. § 2254 Habeas Corpus Petition (**Doc. 2**) to Respondent Attorney General for the State of New Mexico (AG) at the following address:

> Attn: Federal Habeas Attorney(s)
> New Mexico Department of Justice (formerly known as the Attorney General's Office)
> Criminal Appeals Division
> 201 Third St. NW, Suite 300, Albuquerque, NM 87102

**IT IS FURTHER ORDERED** that the AG must file an answer within **60 days** of entry of this Order. The answer must address the merits of each § 2254 claim and Hepple's arguments regarding tolling and the potential time-bar. If the Petition is mixed, such that it contains both exhausted and unexhausted claims, the AG shall take a position on how to proceed (*i.e.,* stay the proceeding, dismiss the unexhausted claims, overlook the defect and deny the claim(s) on the merits, etc). The AG must attach to its answer copies of all pertinent filings from the state trial court, the state court of appeals, and the state supreme court; including memoranda filed by both parties. The AG must also attach to the answer copies of all state post-conviction or appellate proceedings and any transcripts that are needed to resolve the claims. All transcripts must be type-written; the Court will not accept audio recordings in lieu of written transcripts.

**IT IS FURTHER ORDERED** that Hepple may file an optional reply within **30 days** after the AG's response is filed.

IT IS SO ORDERED this 19th day of December, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE