IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW STEPHEN HEPPLE,

    Petitioner,

v.                                      No. 2:23-cv-00864-MV-KRS

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court upon Respondent Attorney General for the State of New Mexico's ("Respondent") Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court Orders (the "Motion"), (Doc. 13), filed March 31, 2026. Petitioner Matthew Stephen Hepple ("Petitioner") did not respond. The Court has reviewed the Motion, the entire case file, and applicable law. For the following reasons the Court **RECOMMENDS** that the District Judge **DENY WITHOUT PREJUDICE** the Motion.

I.    **BACKGROUND**

Petitioner commenced this case on October 2, 2023, by filing a handwritten letter from Petitioner "To The Clerk of the Court," seeking "clarification" of and "relief" from his state convictions. (Doc. 1 at 1-2). The Clerk's Office mailed Petitioner a blank 2254 form along with a blank Application to Proceed *In Forma Pauperis*. *See* Clerk's Office Staff Note, filed October 3, 2023. Petitioner filed the operative Petition on November 6, 2023, challenging his state convictions based on, inter alia, double jeopardy principles. *See* (Doc. 2 at 5-8).

On May 3, 2024, the undersigned entered an Order to Show Cause why the Petition should

not be dismissed as untimely. (Doc. 5). On May 16, 2024, Petitioner filed a Response alleging that he did not commit the charged crimes and, thus, the actual-innocence exception applied to his otherwise time barred Section 2254 petition. *See* (Doc. 6). On December 19, 2025, the undersigned, consistent with the relevant law and absent the complete underlying state record, ordered Respondent to answer the Petition within 60 days. *See* (Doc. 7).

On January 8, 2026, the Clerk's Office received as undeliverable returned mail for Petitioner. (Doc. 9). Accordingly, the undersigned determined Petitioner severed contact with the Court at some point after his May 16, 2024, Response, and had not updated his address as rule 83.6 of the District of new Mexico's local civil rules requires. By an Order to Show Cause entered January 22, 2026, the undersigned fixed a deadline of February 23, 2025, for Petitioner to confirm his address in writing. (Doc. 10 at 1) ("Jan. OSC"). The Jan. OSC also expressly provided that Petitioner's failure to comply "may result in dismissal of the Petition without further notice." (*Id.*) Petitioner did not update his address by the February 23, 2025, deadline, show cause for such failure, or otherwise respond. On February 23, 2026, the Jan. OSC was returned to the Clerk as "Undeliverable." (Doc. 11).

On March 10, 2026, the undersigned entered a second Order to Show Cause, directing Petitioner to notify the Clerk of his new address, in writing, by March 25, 2026. *See* (Doc. 12) ("Mar. OSC"). The Mar. OSC also warned Petitioner that failure to comply with the Mar. OSC "will result in dismissal of this action without further notice." (*Id.* at 1). Petitioner once again did not update his address, show cause for such failure, or otherwise respond to the Mar. OSC.

On March 31, 2026, Respondent filed the instant Motion to dismiss the Petition for failure to prosecute and comply with the Court's two Orders to Show Cause. *See* (Doc. 13). The Motion

does not raise any other grounds on which to dismiss the Petition. *See* (*id.*) On April 1, 2026, the Mar. OSC was returned to the Court with the notation: "Return to Sender Insufficient Address Unable to Forward." (Doc. 14).

On April 8, 2026, the Clerk's Office mailed Petitioner a copy of the Jan. OSC, (doc. 10), and Mar. OSC, (doc. 12), to the Central New Mexico Correctional Facility based on the information on the State of New Mexico Corrections Department Offender Search website.[1]  On April 22, 2026, Petitioner replied to the Mar. OSC and filed a Notice of Change of Address with the Clerk. (Doc. 15). Petitioner's reply does not address the instant Motion. Nor does the reply state why Petitioner failed to keep the Court informed of his mailing address in accordance with Local Rule 83.6.

## II.   LEGAL STANDARD

### A.   Review of a Pro Se Party's Filings

A federal court must construe a *pro se* plaintiff's pleadings "liberally" and hold the pleadings "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or [*11] construct a legal theory on plaintiff's behalf." *Id.* (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit has interpreted this rule to mean:

> [I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This interpretation is qualified in that it is

---

1 https://www.cd.nm.gov/offender-search/, *last visited April 30, 2026.*

not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

### B.    Motion to Dismiss for Failure to Prosecute

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). A dismissal under Rule 41(b), except for lack of jurisdiction, improper venue, or failure to join a party, "operates as an adjudication on the merits," and thus, a dismissal with prejudice. *Id.*; *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

Federal Rule of Civil Procedure 16(f) authorizes the Court to impose sanctions for failure to obey any pretrial order, including an order to show cause:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f).

Rule 37 specifically authorizes the Court to dismiss the action as a sanction. FED. R. CIV.

P. 37(b)(2)(A)(v).

Before dismissing a lawsuit for failure to prosecute, the district court ordinarily considers what are known as the *Ehrenhaus* factors. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *Nasious*, 492 F.3d at 1162, 1163. The nonexhaustive *Ehrenhaus* factors include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (citations and internal quotations omitted).

These five factors "do not represent a rigid test" that a district court must always apply. *Id.* "The Ehrenhaus factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always remain a discretionary function." *Lee v. Max Intern., LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) (quoting *Ehrenhaus*, 965 F.2d at 921). However, because of the harshness of a dismissal, due process requires that the "violations be predicated upon willfulness, bad faith, or [some] fault of petitioner rather than inability to comply." *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (internal citations and quotations omitted).

## III.    ANALYSIS

The Court will address the *Ehrenhaus* factors in deciding whether to dismiss the Petition for failure to comply with the Court's Jan. OSC and Mar. OSC.

### A.  Actual Prejudice to Respondent

Prejudice may be inferred from delay, uncertainty, and rising attorney's fees. *Faircloth v. Hickenlooper*, No. 18-1212, 758 Fed. Appx. 659, 2018 U.S. App. LEXIS 36450, at *5 (10th Cir.

Dec. 26, 2018); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (concluding substantial prejudice when plaintiff "sparked months of litigation" and defendants "wasted eight months of litigation"); *Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (approving district court's observation that "delay would 'prolong for the defendants the substantial uncertainty faced by all parties pending litigation'") (citation omitted).

Reviewing this case's docket, the Court concludes that Petitioner's failure to update his address does not overly prejudice Respondent, except that Respondent encountered attorneys' fees and costs associated with the instant Motion. Further, generally, the duration of time at issue herein, less than two months, is not long enough to warrant dismissal. *See Auto-Owners Ins. Co.*, 886 F.3d at 860. Thus, this factor does not weigh in favor of dismissal.

### B. Interference with the Judicial Process

In *Jones*, the Tenth Circuit concluded that the plaintiff had significantly interfered with the judicial process when he failed to answer a show-cause order or join a telephone conference. *Jones*, 996 F.2d at 265. Though Jones later argued that the district court could have abated the suit and revisited the status in three to six months, the court noted that abeyance would have delayed the proceedings for the other parties and the court. *Id.* The court said, "In similar circumstances, we have held that a district court could find interference with the judicial process when the plaintiff 'repeatedly ignore[s] court orders and thereby hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party.'" *Id.* (citation omitted).

Meanwhile, in *Villecco*, the Tenth Circuit determined that the plaintiff greatly interfered "with the judicial process by failing to provide the court with a current mailing address or an address

that he regularly checked; respond to discovery requests; appear at his deposition; list any fact witnesses or otherwise comply with the court's Initial Pretrial Order, or respond to the Defendants' Motion to Dismiss." *Villecco v. Vail Resorts, Inc.*, 707 Fed. Appx. 531, 533 (10th Cir. 2017); *see also Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) ("[H]e did not (1) respond to the order to show cause or (2) notify the court of his change of address as required by the local rules, even though his past actions show he was aware of the requirement."); *Taylor v. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004) (dismissing under *Ehrenhaus* when "judicial process essentially ground to a halt when [the plaintiff] refused to respond to either the defendant[s' filings] or the district court's orders"); *Killen v. Reed & Carnick*, No. 95-4196, 1997 U.S. App. LEXIS 430, at *4 (10th Cir. Jan. 9, 1997) ("Plaintiff's willful failure to comply with the orders of the district court flouted the court's authority and interfered with the judicial process." (Internal quotation marks and citation omitted.)). "[F]ailure to respond to court orders cannot be ignored." *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009).

Here, Petitioner's failure to prosecute this case by not updating his address in response to the Court's orders to show cause necessarily interferes with effective administration of justice. (Docs. 10, 12). The issue here is "respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Petitioner's failure to comply with the Court's orders disrespects the Court and the judicial process. Petitioner's neglect has caused the Court and staff to spend unnecessary time and effort. The Court's frequent review of the docket and preparation of orders to move this case along have increased the Court's workload and diverted its attention from other matters in which parties have met their duties and deserve prompt resolution of their issues. This PFRD is a perfect example demonstrating the substantial time required of the

Court and its staff to prepare this document.

Nevertheless, the Court recognizes that Petitioner updated his mailing address after he received the Court's orders—even if the Notice of Change of Address was filed forty-three days after it was due. *Compare* (Docs. 12, 15). The Court thus finds that Petitioner's failure to comply with the local rules has interfered with the judicial process by unnecessarily delaying this litigation. Consequently, this factor would normally weigh in favor of dismissal. However, a delay of 43 days is relatively minimal in comparison to other matters in the undersigned's experience. Moreover, Respondent does not argue that this factor weighs in favor of dismissal. *See* (Doc. 13 at 3-4). Accordingly, the Court finds this factor does not favor dismissal.

### C.  Culpability of Litigant

*Pro se* litigants should be afforded deference in the form of "[o]ccasional allowances by the court for honest mistakes [which] provide leeway for plaintiffs who are not trained in the law and do not have representation. This deference, though, should be balanced with potential abuse . . . and constant delays in the judicial system." *Brewer*, 2004 U.S. Dist. LEXIS 31811, 2004 WL 6218811, at *2-3. Proof of culpability may be drawn from a plaintiff's failure to be in touch with the court and to respond to orders. *See Villecco*, 707 F. App'x at 534; *see also Faircloth*, 2018 U.S. App. LEXIS 36450, at *6 (finding culpability when plaintiff solely responsible for not updating address and responding to show-cause order); *Stanko v. Davis*, 335 F. App'x 744, 747 (10th Cir. 2009) (unpublished) ("For at least seven months, Stanko failed to follow this order. The district court ordered Stanko to show cause for this failure. Stanko made no effort to explain his failure regarding those seven months."); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (stating plaintiff at fault for inability to receive court filings based on failure to notify court

of correct address).

Earlier in this case, Petitioner showed ability to file his Petition, Motion to Proceed *In Forma Pauperis*, and a response to prior Court orders. *See* (Docs. 1, 2, 3, 6). Still, more than 23 months have now passed since the Court last heard from Petitioner despite the Court's warning that "[f]ailure to timely comply will result in dismissal of this action without further notice." (Doc. 12 at 1). The Court further notes that Petitioner's response does not state why he failed to comply with the Court's local rules, including keeping the Court updated on his mailing address. *See* (Doc. 15). Respondent contends this factor weighs in favor of dismissal because Petitioner failed to comply with D.N.M.LR-Civ. 83.6 and the Court's Jan. OSC and Mar. OSC. (Doc. 13 at 3-4). Petitioner's failure to ensure that the Court was notified of his transfer to a new correctional facility is not excused. Thus, this factor favors dismissal.

### D.  Warning in Advance of Dismissal

In *Faircloth*, the court twice warned the plaintiff that failure to comply could result in dismissal. *Faircloth*, 2018 U.S. App. LEXIS 36450, at *7. On appeal, when the plaintiff argued he did not get these warnings, the Tenth Circuit stated, "But he could have received the warnings had he complied with the local rule requiring him to update his address. Because he did not, the court's only option was to mail documents to him at his last known address. These mailings constituted effective service [under FED. R. CIV. P. 5(b)(2)(C)]." *Id.*; *see also O'Neil v. Burton Grp.*, 559 F. App'x 719, 722 (10th Cir. 2014) (affirming dismissal with prejudice for failure to appear especially after party was repeatedly warned of consequences).

This Court warned Petitioner in January and March of 2026 that his Petition would be dismissed without further warning if he failed to timely cure deficiencies. *See* (Docs. 10, 12). There

can be no mistaking the Court's intentions. This factor therefore weighs in favor of dismissal.

### E. Efficacy of Lesser Sanctions

Also in *Faircloth*, the district court had decided that no lesser sanction than dismissal could be effective when "[t]he court had been unable to receive a response from Mr. Faircloth and had no way of learning where Mr. Faircloth was or when he would disclose his new address." *Faircloth*, 2018 U.S. App. LEXIS 36450, at *7-8. Due to this uncertainty, "the court reasonably concluded that dismissal was necessary." *Id.*

And in *Villecco*, dismissal was approved when, "given Villecco's failure to communicate, to respond to any notices or the Motion to Dismiss, or to comply with any deadlines, the [district] court found no lesser sanction than dismissal would be effective." *Villecco*, 707 F. App'x at 533. The Tenth Circuit said that "[a] lesser sanction would be ineffective because a stay would not have a 'real impact on [the plaintiff] in encouraging responsiveness.'" *Id.* at 535; *see also O'Neil v. Burton Grp.*, 559 F. App'x 719, 722 (10th Cir. 2014) ("[S]imply because lesser sanctions were available does not mean that the court was obligated to apply them.").

In yet another case, the Tenth Circuit stated that though "dismissal should be imposed only after careful exercise of judicial discretion," it

> is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules. . . . Dismissal of the [case] is a strong sanction to be sure, but it is no trifling matter for [a party] to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.

*United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855, 856 (10th Cir. 2005).

It is true that, for a *pro se* party, "the court should carefully assess whether it might . . .

impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3; *see also Callahan v. Commun. Graphics, Inc.*, 657 F. App'x 739, 743 (10th Cir. 2016) ("'The Court has been beyond lenient with Plaintiff throughout these proceedings based on his *pro se* status.'") (Citation omitted.)). On the other hand, "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to proceed *in forma pauperis*." *Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009).

After carefully weighing the above factors with the special solicitude that must be granted to *pro se* litigants it is the Court's opinion that dismissal for failure to prosecute would be warranted. Indeed, the Court would have *sua sponte* dismissed this matter after the Mar. OSC had the Clerk not located Petitioner's new mailing address in the state correctional database. Nevertheless, the Court acknowledges that dismissing Petitioner's Petition, especially at this early stage of litigation where Respondent has not answered, is an extreme sanction. Moreover, the Court recognizes that some lesser sanctions may be fruitful. For example, issuing an order reprimanding Petitioner for his conduct and warning him that future violations of the local rules and/or Federal Rules of Civil Procedure—for any reason whatsoever—may result in this Court *sua sponte* recommending dismissal of this action.[2]

## IV.    RECOMMENDATION

Based upon the facts and procedural posture of this matter, the Court is not persuaded by Respondent's Motion. Therefore, the Court recommends that Respondent's Motion to Dismiss for

---

[2] The Court is not persuaded that issuing a monetary sanction would not be an effective remedy at this time because Petitioner is proceeding *in forma pauperis*. *See* (Doc. 5 at 6).

Failure to Prosecute and Failure to Comply with Court Orders, (Doc. 13), be denied without prejudice.

**Petitioner is warned that failure to comply with the Court's local rules, Federal Rules of Civil Procedure, failure to prosecute, and/or failure to comply with a Court order may result in this Court *sua sponte* recommending dismissal of this action with prejudice and/or ordering monetary sanctions.**

**WHEREFORE**, it is hereby,

1.      **RECOMMENDED** that Respondent Attorney General for the State of New Mexico's Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court Orders, (Doc. 13), be **DENIED WITHOUT PREJUDICE**; and it is further

2.      **RECOMMENDED** that Respondent Attorney General for the State of New Mexico have sixty (60) days to Answer the Petition from entry of the District Judge's order adopting this PFRD. The Answer must address the merits of Petitioner's 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody claims and whether Petitioner has established grounds to toll or overcome the habeas limitation period.

**WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.**

**IT IS SO ORDERED** this 1st day of May, 2026.

 

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE